# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JEFFREY A. WOGENSTAHL, : | |
|                           Petitioner, | Case No. 1:99-cv-843 |
|                   -vs- | District Judge Thomas M. Rose<br>Chief Magistrate Judge Michael R. Merz |
| BETTY MITCHELL, WARDEN, | |
|                           Respondent. : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner Jeffrey A. Wogenstahl pursuant to 28 U.S.C. §2254 and seeking relief from both his conviction for aggravated murder with death specifications and his resulting death sentence. On January 3, 2007, the Magistrate Judge recommended that the Petition be dismissed with prejudice (Report and Recommendations, Doc. No. 152, the "R&R"). Petitioner has objected (Doc. No. 156) and Respondent has replied to those Objections (Doc. No. 160). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner objects to the R&R's denial of relief on claims numbered 1; 2(ii); 12(ii); 12(iii); 12(iv); 12(v); 12(vi); 12(ix); 12(x); 12(xi); 12(xii); 12(xiii); 13(vi); 14; 16; 18; 21; 22(iv); 23; and 27 and likewise objects to the R&R's analysis on procedural default of some claims. Rather than discuss the claims in the order in which they are presented in the Objections, they are discussed here in their original order.

**Ground One: Denial of Pre-Trial Request for Investigator and Mitigation Expert**

In Ground One, Wogenstahl claims his rights were violated when the trial judge refused to appoint and investigator and a mitigation expert. The R&R concluded that the state courts' denial of this claim was not an unreasonable application of clearly established federal law, particularly *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985). No further analysis is needed on this Ground for Relief beyond what is given in the R&R.

**Ground Two: Improper Pre-Trial Rulings**

As pled, Ground Two for Relief has five subclaims. Petitioner objects to the recommended disposition of only one of those subclaims, to wit,

> ii) The trial court committed error in violation of Petitioner's constitutional rights by denying the defense request for disclosure of evidence of bias of state's witnesses.
>
>> (a) The trial court's denial of the request for disclosure of evidence of bias violated Petitioner's Sixth Amendment constitutional right to confront the witnesses against him.
>>
>> (b) The prosecution's withholding of exculpatory and impeaching evidence violated Petitioner's constitutional right to due process under *Brady v. Maryland*.
>>
>> (c) The prosecutor's presentation and subornation of false testimony violated Petitioner's constitutional right to due process and a fundamentally fair trial.

This Ground for Relief relates to the trial testimony of Eric Horn, the victim's older half-

brother. Prior to Petitioner's trial, Horn was arrested for drug trafficking and adjudicated a juvenile delinquent[1]. His arrest and adjudication were not disclosed to defense counsel. Applying *Brady v. Maryland*, 373 U.S. 83 (1963), this Court wrote:

> The Court concludes that the evidence of Eric Horn's adjudication was favorable to Mr. Wogenstahl because it was impeaching of Horn State, either wilfully or inadvertently, suppressed that evidence. The question becomes whether, as a result, Mr. Wogenstahl was prejudiced. This Court concludes he was not [because] [t]here was an enormous amount of evidence introduced at trial upon which a rational trier of fact could base a guilty verdict.

(R&R, Doc. No. 152, at 56.) The Objections argue this claim at great length (Objections, Doc. No. 156, at 4-19). The determinative question is whether failure to disclose the evidence related to Eric Horn prejudiced the outcome of the trial. There is no disagreement between the Petitioner and the Magistrate Judge about the relevant standard, only about the result. Nothing in the Objections persuades the Magistrate Judge that his original analysis is incorrect or that further analysis is warranted.

### Ground Twelve: Prejudicial Prosecutorial Comments to Jury

In this Ground for Relief, Petitioner complains of thirteen separate remarks by the prosecutor which are asserted to have been prejudicial. Petitioner objects to the R&R's conclusion only on subclaims iii, iv, v, vi, ix, x, xi, xii, and xiii. Having reviewed Petitioner's Objections, the Magistrate Judge does not believe further analysis would assist the Court in deciding this Ground

---

[1]The actual offense of adjudication was the lesser included offense of drug abuse.

for Relief.

**Ground Thirteen**: **Ineffective Assistance of Trial Counsel**

In Ground for Relief Thirteen (vi)[2], Petitioner claims that his trial counsel were ineffective because they made comments prejudicial to Petitioner in their closing arguments. This claim was not raised on direct appeal, but, as Petitioner concedes, raised for the first time in his initial Ohio App. R. 26(B) Application. The R&R therefore concluded the claim was barred by Petitioner's procedural default in presenting it on direct appeal.

Petitioner makes the same argument to excuse this procedural default as he makes with respect to Ground for Relief Twenty-two (iv). The excuse should be rejected for the same reasons given below with respect to that Ground for Relief.

In the alternative, the Magistrate Judge finds on the merits that the hypothetical statement made by trial counsel and complained of in this Ground For Relief is very unlikely to have been understood by the jury in the way it is construed by his present counsel, to wit, as a concession that if the jury found Petitioner culpable, his counsel would support his execution. Arguments made in the heat of trial are not to be parsed in the same manner as jury instructions or appellate court opinions.

---

[2]Petitioner makes no objection to the Magistrate Judge's recommended disposition of the other subclaims of Ground for Relief Thirteen.

### Ground Fourteen: Improper Unanimity Jury Instruction

In Ground Fourteen, Petitioner asserts his constitutional rights were violated when the jury was instructed at the penalty phase that its verdict must be unanimous. Respondent asserts this claim is barred by Petitioner's procedural defaults in that (1) trial counsel did not object and (2) this claim was not raised on direct appeal. The Magistrate Judge concluded this argument was well taken and that this Ground for Relief should be denied as procedurally defaulted.

Petitioner objects that the Ohio Supreme Court did not rely on a procedural default with respect to this claim, but fails to point to any determination by that court on the merits of this claim (Objections, Doc. No. 156, at 59). As noted below with respect to Ground for Relief Twenty-two, the contemporaneous objection rule is plainly an adequate and independent state ground of decision.

### Ground Sixteen: Prosecutor's Improper Characterization of Nature and Circumstances of the Offense

In his Sixteenth Ground for Relief, Petitioner complains of the prosecutor's extended argument to the jury that the nature and circumstances of the offense should be considered in aggravation. As the Ohio Supreme Court held on direct appeal, under the Ohio death penalty statute, "nature and circumstances" are classified as a mitigating factor, not an aggravating circumstance. *State v. Wogenstahl*, 75 Ohio St. 3d 344 at 356-61 (1996), quoted in the R&R at 138..

The R&R recommends denying this Ground for Relief as procedurally defaulted because no objection was made by defense counsel and alternatively as a claim of prosecutorial misconduct on the merits, concluding that the Ohio Supreme Court's conclusion on the merits (on plain error

review) was not contrary to, nor an unreasonable application of, clearly established federal law.

Having considered the Objections, the Magistrate Judge concludes further analysis would not assist the Court.

### Ground Eighteen: Improper Admission of "Bad Acts" Evidence:

In Ground for Relief Eighteen, Petitioner complains of the admission at the penalty phase of the trial of evidence of other bad acts. The Magistrate Judge considered this claim on the merits and recommended that it be denied. Upon review of the Objections, the Magistrate Judge does not believe that further analysis would assist the Court.

### Ground Twenty-One: Offer of "Bad Acts" Evidence as Prosecutorial Misconduct

In Ground for Relief Twenty-one, Petitioner asserts that it was prosecutorial misconduct to offer the "bad acts" evidence complained of in Ground Eighteen. The R&R found this Ground for Relief procedurally defaulted. Petitioner's response in the Objections is that it was essentially raised in the state courts by claiming that admission of the evidence was error. However, the clearly established federal law on prosecutorial misconduct is distinct from that on admission of prejudicial evidence. Moreover, on the merits, it can hardly have been prosecutorial misconduct to offer evidence which it was proper for the trial court to allow, as concluded under Ground Eighteen.

**Ground Twenty-Two: Improper Prosecutorial Appeal to Jury Passion**

In Ground for Relief Twenty-Two(iv)[3], Petitioner asserts the prosecutor improperly appealed to the passions of the jury in closing argument. The Ohio Supreme Court found trial counsel had failed to object to these comments and therefore the contentions of error were waived. The R&R recommended upholding that procedural default. (R&R, Doc. No. 152, at 166.)

Petitioner summarizes his objection to this recommendation as follows:

> This claim was raised in the Court of Appeals in petitioner's first application for reopening as claim 2(16), and in the appeal therefrom to the Ohio Supreme Court as claim 2(8) and 2(16). The state courts' invocation of a procedural default in these proceedings was based on a procedural rule which did not exist and was not applicable, or which is inadequate to foreclose federal review because not regularly and consistently followed. For the reasons set forth below in the section on procedural default, which is incorporated by reference as if fully rewritten herein, the Magistrate Judge should have excused the default and reached the merits of this claim.

(Objections, Doc. No. 156, at 33.) When one turns, however, to the procedural default section of the Objections, one reads a lengthy argument about why Petitioner's claims of ineffective assistance of appellate counsel were not procedurally defaulted and no explicit connection of that argument with this claim on Ground for Relief Twenty-two (iv).

It was not on the basis of any default in presenting an ineffective assistance of appellate counsel claim that the Magistrate Judge found Ground for Relief Twenty-two(iv) defaulted, but because the Ohio Supreme Court enforced the contemporaneous objection rule against Mr. Wogenstahl (R&R, Doc. No. 152, at 165). Certainly there can be no dispute that the

---

[3]Petitioner does not object to the Magistrate Judge's proposed disposition of the other subclaims in Ground for Relief Twenty-two.

7

contemporaneous objection rule is an adequate and independent ground for a state court to decide a question. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Cott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

If Petitioner's position is that the contemporaneous objection default is excused by trial attorney ineffectiveness and the failure to plead this claim of trial attorney ineffectiveness is excused by appellate attorney ineffectiveness, then the Court reaches the question whether Petitioner should properly be held to have defaulted on his ineffective assistance of appellate counsel claims. It is to this question that the procedural default portion of the Objections appears to be addressed.

Petitioner notes that his first attempt to obtain relief by filing an application for reopening under Ohio App. R. 26(B) was rebuffed by a holding by the Court of Appeals that it had no jurisdiction over such an application while a direct appeal was pending to the Ohio Supreme Court. The Ohio Supreme Court upheld that conclusion, but amended the relevant rules to allow the claim to be made in the Court of Appeals while a direct appeal was pending. Petitioner notes that the affirmance in his case was less than a month before the new rule became effective April 1, 1996 (Objections, Doc. No. 156, at 65). However, he did not file his second application under the revised rule until March 4, 1998, almost two years later, under a rule which requires filing within ninety days or making a showing of good cause for late filing.

When Petitioner did file his second application under Ohio App. R. 26(B), it was dismissed as untimely by the Court of Appeals and that dismissal was upheld by the Ohio Supreme Court. Petitioner boldly asserts that "the appellate courts themselves caused the untimely filing of

Petitioner's application for reopening. (Objections, Doc. No. 156, at 68.) While the Ohio Supreme Court's failure to (by Petitioner's lights) properly construe or amend its rules prior to April 1, 1996, may explain Petitioner's delay up to that point, it does not explain the next two years of delay.

Petitioner also argues that the timely filing rule was not firmly established or regularly followed "at the time Petitioner filed his delayed application." *Id. Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2006), is directly in point and controlling on this issue. Therefore the untimeliness of Petitioner's second application under Ohio App. R. 26(B) does not prevent this Court from reaching the merits of any ineffective assistance of appellate counsel claim made by Petitioner. However, there is no free-standing ineffective assistance of appellate counsel claim made in this case.

Petitioner contends that the absence of a free-standing ineffective assistance of appellate counsel claim does not prevent considering such ineffective assistance as excusing cause for another procedural default and the Court agrees. However, the Objections do not make an explicit argument as to what ineffective assistance of counsel excused what ineffective assistance of trial counsel which assertedly caused the failure to make a contemporaneous objection to this part of the closing argument. In sum, the Court should be able to consider an argument actually made instead of trying to infer an argument. In the absence of that argument, Petitioner has not shown any excuse for the failure to object contemporaneously to these comments in the prosecutor's closing.

**Ground Twenty-Three: Ineffective Assistance of Trial Counsel**

As noted in the R&R, the Ohio Court of Appeals decided this claim was barred by the Ohio criminal *res judicata* doctrine and the R&R concluded it was therefore procedurally defaulted (R&R,

Doc. No. 152, at 170-71.) The R&R also noted that Petitioner had made no attempt to establish cause to excuse the default. *Id.*

In the Objections, Petitioner asserts that this claim was supported in the state court by evidence dehors the record, making *res judicata* inapplicable as a matter of Ohio law (Objections, Doc. No. 156, at 55). Essentially, Petitioner argues that the Ohio courts misapplied their own *res judicata* doctrine. However, Petitioner makes no effort in the Objections to delineate which evidence dehors the record he was relying on and why the Court of Appeals' determination that it was not "sufficient" was wrong under Ohio law. See State v. Wogenstahl, 1998 WL 3060561 (Ohio App. 1st Dist. 1998); compare *State v. Jackson,* 64 Ohio St. 2d 107, 413 N.E. 2d 819 (1980). The rule in *State v. Jackson* is an adequate and independent state ground for procedural default purposes. *Sowell v. Bradshaw*, 372 F.3d 821 (6th Cir. 2004), *citing Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002).

Finally, the Objections contain no reference to any attempt at the evidentiary hearing in this Court to introduce evidence dehors the record which was also offered in the state court proceedings.[4]

### Ground Twenty-Seven: Cumulative Error

In the Twenty-seventh Ground for Relief, Petitioner claims that the cumulative effect of all the errors at trial, both culpability and penalty phases, deprive him of his constitutional rights.

Having considered the Objections on this Ground for Relief, the Magistrate Judge does not

---

[4]Although the Objections do not refer to it, Mabel Long testified live at the evidentiary hearing and her unsworn affidavit was presented in state post-conviction proceedings.

believe further analysis would assist the Court.


July 9, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).  **Neither party need repeat in any objections to this Supplemental Report any matter raised in the original Objections as to which no additional analysis is offered.**