# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY A. WOGENSTAHL, :

          Petitioner,

          -vs-

BETTY MITCHELL, WARDEN,

          Respondent. :

Case No. 1:99-cv-843

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

This capital habeas corpus case is before the Court on Petitioner's Motion for a Certificate of Appealability (Doc. No. 170) which Respondent opposes (Doc. No. 171). Petitioner has not filed a reply memorandum in support and the time for doing so expired on November 19, 2007. S. D. Ohio Civ. R. 7.2. The Motion is therefore ripe for decision.

A motion for certificate of appealability in a habeas corpus case is a post-judgment motion on which a magistrate judge is authorized only to make a report and recommendations. 28 U.S.C. §636(b)(3).

### Standard for Decision

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition

for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is,

it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

3

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

**Analysis**

On September 12, 2007, the District Court entered judgment adopting the Magistrate's Judges Reports and Recommendations and dismissed the Petition herein with prejudice (Doc. Nos. 164, 165). Petitioner timely filed his Notice of Appeal (Doc. No. 168) and thus was required under the AEDPA to file the instant Motion.

Petitioner seeks the required certificate on Grounds for Relief 1; 2(ii); 12(ii); 12(iii); 12(iv); 12(v); 12(vi); 12(ix); 12(x); 12(xi); 12(xii); 12(xiii);13(vi); 14; 16; 18; 21; 22(iv); 23; and 27. However, he presents his argument in the Motion in a different order. This Report follows the order of presentation in the Motion, rather than the numerical order of the ground.

**Ground Two**

A certificate of appealability should be granted on Ground 2(ii).

### Ground Twelve

Petitioner's Motion should be denied on Grounds 12(ii) and 12(iii), granted on Grounds 12(iv) and (v), denied on Ground 12(vi), granted on Ground 12(ix), denied on Ground 12(x), granted on Ground 12(xi), denied on Ground 12(xii)(2), and denied on Ground 12(xiii).

### Ground Sixteen

Petitioner's Motion should be granted on Ground Sixteen.

### Ground Twenty-Two

Petitioner's Motion should be granted on Ground Twenty-two (iv).

### Ground Thirteen

Petitioner's Motion should be denied on Ground Thirteen (vi).

### Ground One

Petitioner's Motion should be granted on Ground One.

### Ground Eighteen

Petitioner's Motion should be denied on Ground Eighteen.

### Ground Twenty-One

Petitioner's Motion should be denied on Ground Twenty-one.

### Ground Twenty-Three

Petitioner's Motion should be granted on Ground Twenty-three.

### Ground Fourteen

Petitioner's Motion should be granted on Ground Fourteen.

### Ground Twenty-Seven

Petitioner's Motion should be denied on Ground Twenty-seven.

With respect to each of the Grounds on which a certificate is recommended, the Magistrate

Judge finds that reasonable jurists could debate the correctness of his prior conclusion on the merits or his conclusion on procedural default, based on the reasoning set forth in the Motion. Particularly given that this is a capital case, Petitioner should be permitted to appeal on those claims.

December 12, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).